UNITED STATES, Appellee,

v.

Private E1 Dwight J. LOVING,
065–56–0228, United States
Army, Appellant.

ACMR 8901123.

U.S. Army Court of Military Review.

15 April, 1992.

For Appellant: Captain Emmett G. Wells, JAGC (argued), Captain James M. Heaton, JAGC (on brief).

For Appellee: Major Joseph C. Swetnam, JAGC (argued), Lieutenant Colonel Daniel J. Dell'Orto, JAGC (on brief).

Before De GIULIO, HAESSIG, and ARKOW, Appellate Military Judges.

## OPINION OF THE COURT ON PETITION FOR RECONSIDERATION

De GIULIO, Senior Judge:

Appellant was tried by a general court-martial composed of officers. Contrary to

his pleas, he was found guilty of premeditated murder, felony murder, attempted murder, and four specifications of robbery, in violation of Articles 118, 80, and 122, Uniform Code of Military Justice, 10 U.S.C. §§ 918, 880, and 922 (1982) [hereinafter UCMJ]. He was sentenced to death, a dishonorable discharge, and forfeiture of all pay and allowances. On 3 February 1992, this Court issued an opinion affirming the findings of guilty and the sentence. *United States v. Loving*, 34 M.J. 956 (A.C.M.R.1992).

On 24 February 1992, appellant filed a Petition for Reconsideration and Suggestion for Reconsideration *En Banc*. In that document, it is asserted that the proportionality review in this Court's opinion of 3 February 1992 should be reconsidered, that appellant was denied effective assistance of appellate counsel, and that appellant was denied equal protection of the law. On 24 February 1992, appellant also moved to file a second supplemental assignment of error.[1] In this supplement, appellant asserts that trial defense counsel were ineffective in failing to present the defense of voluntary intoxication and in failing to present evidence on the merits or at sentencing concerning appellant's mental condition. The second supplemental assignment of error was considered by this Court when deciding whether the Suggestion for Reconsideration *En Banc* should be adopted. Appellant's Suggestion for Reconsideration *En Banc* was not adopted by the Court. *United States v. Loving*, ACMR 8901123 (A.C.M.R. 5 Mar. 1992) (notice) (unpub).

Now before this panel for disposition are the assertions made in the Petition for Reconsideration and the second Supplemental Assignment of Error. We treat all assertions of error as part of the Petition for Reconsideration. We find no merit to the assertions and deny the petition.

## I.

Pursuant to *United States v. Curtis*, 33 M.J. 101, 109 (C.M.A.), *modifying* 32 M.J. 252, 271 (C.M.A.1991), this Court conducted a proportionality review of the death penalty imposed in appellant's case. 34 M.J. at 969. Appellant asserts that this Court should reconsider the proportionality review to ensure a more thorough and accurate assessment of the appropriateness of the death penalty in this case, to apprise appellant more fully of the basis of this Court's decision in order to afford him sufficient information for further appellate review, and establish standards and guidelines for proportionality review in general. We believe our proportionality review has been thorough, has been accurate, and satisfies the requirement set forth in *Curtis*.

## II.

■ Appellate defense counsel also asserts that appellant has been denied effective assistance of appellate counsel.[2] He points to the American Bar Association Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases (1989) [hereinafter ABA Guidelines]. Appellate defense counsel also points to *United States v. Curtis*, 31 M.J. 395 (C.M.A.1990) (interlocutory order), where he contends that the Court of Military Appeals ordered the Navy to provide $15,000 "to secure services of death qualified counsel." This Court rejected similar claims in *United States v. Gray*, 32 M.J. 730 (A.C.M.R.), *writ appeal denied*, 34 M.J. 164 (C.M.A.1991), holding that the ABA Guidelines are not binding on the military.[3] A similar contention concerning the position that funds were required for death qualified counsel was also rejected. *Id.* at 734.

In an affidavit submitted to this Court, appellate defense counsel states his belief

---

**1.** The first Supplemental Assignment of Error was considered in this Court's opinion of 3 February 1992.

**2.** Appellate defense counsel also moved to withdraw from the case. In that motion, he noted that appellant was "advised of the implications of continued representation by [appellate defense counsel], and has no objection to such continued representation." The motion to withdraw was denied by this Court.

**3.** A similar claim was rejected in *United States v. Thomas*, 33 M.J. 768 (N.M.C.R.1991).

that he had inadequate time to prepare for the review of appellant's case after he agreed to his assignment to the case in June 1991, that his caseload was too heavy, that he was unable to find time to attend "continued legal education of my choice on capital litigation," that he had not read the record in November 1991 when oral argument was scheduled for 9 December 1991,[4] and that he failed to raise the issue of ineffective assistance of defense counsel concerning mental responsibility.[5]

■ Appellate defense counsel are held to the same standard of competency as trial advocates. *United States v. Hullum*, 15 M.J. 261, 267 (C.M.A. 1983). In testing for ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Scott*, 24 M.J. 186 (C.M.A. 1987).

In considering this issue, we note:

1) that appellate defense counsel has represented numerous appellants before this Court, filed numerous pleadings and presented numerous oral arguments.

2) that appellate defense counsel has the reputation of being one of the most able counsel in the Army Defense Appellate Division. His practice before this Court is consistent with that reputation.

3) that in appellant's case, appellate defense counsel utilized an excellent brief. In addition, he requested oral argument, requested extension of time for oral argument, filed supplemental citations, ably argued before this

Court twice, suggested reconsideration *en banc*, petitioned for reconsideration of this Court's decision, and filed two supplemental assignments of error.

4) that in his practice before this Court, appellate defense counsel has shown that his knowledge, training, and experience in military criminal law place him well within the group qualified to represent those accused of capital crimes.

We conclude that counsel's representation of appellant before this Court has not been deficient. *See Strickland*, 466 U.S. 668, 104 S.Ct. 2052.

### III.

Appellant also alleges that his trial defense counsel were ineffective because they failed to present the defense of voluntary intoxication and evidence of appellant's mental condition on the merits or at sentencing.

Affidavits submitted by the trial defense counsel[6] reveal that the option of presenting voluntary intoxication was carefully considered by the defense team. Counsel concluded that such a defense was inconsistent with the evidence and their overall defense strategy. Because of the strong evidence against appellant, the defense strategy was to convince the court that the death penalty should not be imposed. Throughout the trial, the defense maintained that appellant's girlfriend manipulated him into committing the offenses. Except for appellant's prospective testimony, there was no evidence of any significant drug or alcohol abuse during the offenses. It was concluded that evidence of voluntary intoxication would have to come from appellant who in practice sessions proved to

---

4. It is noted that oral argument was requested by the same counsel on 29 October 1991. No request was made by counsel to delay oral argument. Counsel did not oppose, however, a request by government appellate counsel to reschedule oral argument. Government appellate counsel's request was denied.

5. This issue has been raised before this Court and will be discussed in this opinion.

6. At an in-chambers hearing before this Court, Government appellant counsel indicated that

the lead trial defense counsel continued to assist appellant in his appeal and that he was reluctant to provide an affidavit. After this Court ascertained that the allegations applied to all three trial defense counsel, counsel were released from their privilege concerning this matter. *United States v. Loving*, ACMR 8901123 (A.C.M.R. 27 Feb.1992) (interlocutory order) (unpub). Even in his subsequent affidavit the lead trial defense counsel continues to advance arguments in appellant's defense.

be a very poor witness. Counsel concluded that appellant's testimony would do more harm than good. In addition, the defense expert psychiatrist, a member of the defense team, was not supportive of the use of the voluntary intoxication defense. Finally, appellant decided that he would not testify.

As to appellant's mental responsibility, the affidavits reveal that the defense expert psychiatrist was extremely adverse to this defense after interviewing appellant on several occasions and reviewing all documents regarding appellant's mental status. He concluded that presentation of this defense would not be successful and would only open the door to evidence that appellant had the type of personality that could easily commit similar crimes in the future. The defense team made a concerted effort to keep this evidence from the court members believing it would encourage a capital sentence—a result their strategy was trying to avoid.

 As previously stated in this opinion, the standard to be applied in testing for ineffective assistance of trial defense counsel is that set forth in *Strickland v. Washington.* Appellant must overcome the strong presumption that the challenged acts were trial strategy. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. Deference must be given to counsel's tactical judgment during trial, and our judgment with the benefit of hindsight should not be substituted. *United States v. Bono,* 26 M.J. 240, 242 (C.M.A.1988).

 In the case before us, counsels' conduct of the defense was carefully planned. It was developed after considering input from the defense expert psychiatrist who examined the appellant, provided the defense team the benefit of his professional judgment, participated in trial preparations, and sat at the defense table at trial. It is clear to this Court that the determination not to present appellant's mental condition on either findings or sentence was carefully considered tactics and strategy. Giving deference to trial defense counsels' tactical judgment, we hold that their performance was not deficient. Appellant was not denied effective assistance of counsel.[7]

### IV.

 Finally, appellant alleges that he was denied equal protection of the law. His argument is that the Navy and Marine Corps defense appellate agency has assigned appellant counsel in the grade of major in one death penalty case and lieutenant commander in another. One appellant also has civilian counsel retained at government expense.[8] He also alleges that in each case military counsel is completely free of all other assigned cases and represents a single client. He concludes that appellants who are sentenced to death and who are members of other branches of the service are much better represented than those in the Army. With no citation to authority, he concludes that "[t]his is a blatant violation of the due process and equal protection guarantees of the Constitution." We disagree.

An accused has no right to select military appellate defense counsel. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1202 discussion. An accused is entitled to be represented by appellate defense counsel when requested by the accused, when the United States is represented by counsel, or when the Judge

---

7. Appellate defense counsel moved to hold the 3 February 1992 decision in abeyance and requested discovery of information on appellant's mental condition pending receipt of that information. That motion was denied. *United States v. Loving,* ACMR 8901123 (A.C.M.R. 3 Feb.1992) (order) (unpub.). In denying that motion, this Court reviewed information concerning appellant's mental responsibility and determined that the issue was not raised on appeal. During oral argument appellate defense counsel informed this Court that he had obtained the requested information. Although not specifically asserted as an error before this Court, we have examined the information submitted with the supplemental assignment of error relating to appellant's mental condition. We have again concluded that the issue of appellant's mental responsibility has not been raised on appeal. *See United States v. Lilly,* 25 M.J. 403 (1988); *United States v. Triplett,* 21 U.S.C.M.A. 497, 45 C.M.R. 271 (1972).

8. See discussion in part II of this opinion.

Advocate General has sent the case to the Court of Military Appeals. UCMJ art. 70(c), 10 U.S.C. § 870(c). The primary requirement is that appellate defense counsel be qualified under the provisions of Article 27(b)(1), UCMJ. 10 U.S.C. § 827(b)(1). Under that statutory provision, counsel "must be a judge advocate who is a graduate of an accredited law school or is a member of a Federal court or highest court of a State; or must be a member of the bar of a Federal court or of the highest court of a State." UCMJ art. 27(b)(1), 10 U.S.C. § 827(b)(1). In the case before us, appellate defense counsel meets those qualifications.[9] So long as appellate defense counsel meets those legal qualifications, there is no right to counsel of particular rank or particular abilities. *Cf.* Dep't of Army, Pam. 27–173, Trial Procedure, para. 5–3 (20 April 1990); Manual for Courts–Martial, United States, 1984, Rules for Court–Martial 502(d)(1) Analysis, app. 21 at A21–25 (rule of equivalency is not necessary where counsel are legally qualified). We recognize that the Equal Protection Clause of the fourteenth amendment applies to the armed forces through the Due Process Clause of the fifth amendment subject to certain exceptions necessitated by conditions of military service. *See Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). Congress has sanctioned distinctions between treatment of personnel in various services. *See United States v. Hoesing,* 5 M.J. 355 (C.M.A.1978). Uniformity is not required among the services, and lack of uniformity is not necessarily a violation of equal protection. *Id.* Assignment of appellate defense counsel by each of the services falls within this category. We hold appellant was not denied equal protection of the law.

After careful review of appellant's assertions, to include the supplemental assignment of error, the Petition for Reconsideration is denied.

Judge HAESSIG and Judge ARKOW concur.

---

9. Of course, counsel must be competent. See Part II of this opinion.