OPINION OF THE COURT
UPON FURTHER REVIEW
YOUNG, Judge:
Appellant pled guilty to wrongful appropriation of a military computer system. Article 121, UCMJ, 10 U.S.C. § 921 (1988). Court members convicted him of larceny, as charged, and sentenced him to a bad-conduct discharge and reduction to E-l. We affirmed. The Court of Military Appeals set aside that decision and returned the case to The Judge Advocate General of the Air Force for submission to a convening authority to order a DuBay[1] hearing to determine whether the trial defense counsel had a conflict of interests in his representation of appellant and a possible witness. 36 M.J. 455 (C.M.A.1993). The military judge who conducted the hearing found no actual conflict of interests. Pursuant to the Court of Military Appeals direction, the case has been returned to this Court for further review under Article 66, UCMJ. Appellant assigns three errors: (1) The defense counsel had a conflict of interests; (2) the military judged erred in refusing to rule on the defense objection to a stipulation of fact; and (3) the staff judge advocate’s recommendation to the convening *587 authority was inaccurate, misleading, and illegal.
I. Conflict of Interests

A. Facts

In March 1990, appellant became bored during weekend duty and explored a military supply warehouse to which he had access. He saw a computer system, took it home, used it, and never returned it. He obtained software and related equipment for this computer from a friend, Sergeant Lawrence. Special agents of the Air Force Office of Special Investigations (AFOSI) were tipped off that appellant had the computer system. When he was confronted by AFOSI agents in early December 1990, appellant admitted taking the computer system and agreed to assist AFOSI in investigating thefts of computer equipment and software. Sergeant Lawrence was one of the individuals implicated as a result of appellant’s efforts on behalf of AFOSI.
On» 9 May 1991, Sergeant Lawrence was served with notification of his commander’s intent to imposé nonjudicial punishment under Article 15, UCMJ, for wrongful disposition of government computer software to appellant and others, in violation of Article 108, UCMJ. Sergeant Lawrence accepted nonjudicial proceedings on 14 May and his commander imposed punishment on 15 May 1991. Sergeant Lawrence was represented by Captain C, an area defense counsel. Captain C’s representation of Sergeant Lawrence ended when Sergeant Lawrence chose not to appeal the punishment — sometime between 15 and 20 May 1991.
The charge and specification against appellant were preferred on 20 May, referred to a special court-martial on 24 May, and served on appellant on 28 May 1991. Appellant first met with Captain C, who represented him at trial, on or about 10 June 1991. Prior to arraignment, Captain C told the military judge that he had represented a witness who would be named in a stipulation (Sergeant Lawrence), that he had discussed that representation with appellant, and appellant had no objections to his continued representation. The military judge asked appellant if that was correct; appellant agreed that it was. The military judge did not inquire further into the matter. The record of trial does not reflect the nature and extent of the representation of the person named in the stipulation, or whether that representation involved a criminal proceeding or was in any way related to appellant’s case.
The Court of Military Appeals assigned three questions for the military judge to resolve during the DuBay hearing: (1) was there multiple representation? (2) was there an actual conflict of interests? and (3) if there was a conflict of interests, did it adversely affect counsel’s representation of appellant? At the DuBay hearing, the military judge found there was multiple representation, there was no conflict of interests, and even if there was a conflict of interests, appellant waived it and it did not adversely affect counsel’s representation of appellant.
Appellant had confessed to agents of the AFOSI to taking the computer system without permission and using it for several months for personal use. He pled guilty to wrongful appropriation at trial, so the only issue for the court members was whether he had the intent permanently to deprive the Air Force of the use and benefit of the computer system or permanently to appropriate the computer system to his own use and benefit. The prosecution listed Sergeant Lawrence as a witness; he purportedly could testify that (1) he had provided appellant some software for the computer, (2) after this software was loaded on the computer, he told appellant he had stolen some of it, (3) appellant originally claimed he received the computer system from his mother, (4) at a later date, appellant admitted stealing the computer from the Air Force, and (5) appellant never expressed an intent to return the computer system to the USAF. Sergeant Lawrence was not called as a witness, but the essence of his purported testimony was contained in a stipulation of fact.
The defense counsel objected to any mention of Sergeant Lawrence’s testimony in the stipulation of fact. The military judge sustained the defense objection only as to Sergeant Lawrence telling appellant that some of the software had been stolen. Later, the military judge withdrew his ruling, opining *588 that the defense could either consent to the stipulation or not; but, they could not object to portions of it. Although this opinion was incorrect,[2] the trial counsel agreed to a new stipulation of fact which was consistent with the military judge’s original ruling.

B. The Law

A military accused is guaranteed the effective assistance of counsel. United States v. Scott, 24 M.J. 186 (C.M.A.1987). “The sixth amendment guarantee of effective assistance of counsel comprises two correlative rights: the right to counsel of reasonable competence, McMann v. Richardson, 397 U.S. 759, 770-71, 90 S.Ct. 1441. 1448-49, 25 L.Ed.2d 763 (1970), and the right to counsel’s undivided loyalty, Wood v. Georgia, 450 U.S. 261, 272,101 S.Ct. 1097, 1103-04, 67 L.Ed.2d 220 (1981).” Mannhalt v. Reed, 847 F.2d 576, 580 (9th Cir.1988), cert. denied, 488 U.S. 908, 109 S.Ct. 260, 102 L.Ed.2d 249 (1988). “To prevail on an ineffective assistance of counsel claim, appellant must establish that his counsel’s performance was deficient and that the deficient performance prejudiced the defense.” Scott, 24 M.J. at 188 (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)).
An attorney who represents more than one accused in a case does not necessarily violate the sixth amendment or “raise the appearance of a conflict of interest. Indeed, frequently it may even be advantageous for the co-accused to be represented by the same counsel.” United States v. Breese, 11 M.J. 17, 19 (C.M.A.1981). To find the counsel’s performance deficient because of a conflict of interests, we must conclude “(1) that counsel actively represented conflicting interests and (2) that the actual conflict of interest adversely affected counsel’s performance.” United States v. Smith, 36 M.J. 455, 457 (C.M.A.1993) (citing Mathis v. Hood, 937 F.2d 790 (2d Cir.1991); Young v. Herring, 938 F.2d 543 (5th Cir.1991), cert. denied, — U.S. -, 112 S.Ct. 1485, 117 L.Ed.2d 627 (1992); Mannhalt). If appellant establishes both of these elements, we presume the defense was prejudiced. Burger v. Kemp, 483 U.S. 776, 783, 107 S.Ct. 3114, 3120, 97 L.Ed.2d 638 (1987); Smith, 36 M.J. at 457.

C. Discussion

Appellant claims the military judge's findings at the DuBay hearing were incorrect. He asserts that Captain C did have a conflict of interests because appellant and Sergeant Lawrence each furnished, in large part, the pivotal evidence against the other. Appellant believes his counsel could have cross-examined Sergeant Lawrence effectively about his misuse of government property and his bias against appellant for assisting AFOSI in exposing his criminal conduct, but abandoned the opportunity to do so to avoid the conflicts issue. Appellant contends that the conflict was so obvious the prosecution suggested stipulating to Sergeant Lawrence’s testimony to avoid the conflict problem.
Although this Court has “awesome, plenary, de novo power of review,” United States v. Cole, 31 M.J. 270, 272 (C.M.A.1990), we normally give due deference to a military judge’s findings of fact because he saw and heard the witnesses. Article 66(e), UCMJ. “Due deference” means we will not disturb the military judge’s findings unless they are unsupported by the evidence of record or were clearly erroneous. See United States v. Middleton, 10 M.J. 123, 133 (C.M.A.1981). The military judge’s findings of fact in the DuBay hearing are supported by the evidence of record, and we adopt them as our own. We need not afford the military judge such deference in his conclusions of law.
Captain C did represent both appellant and Sergeant Lawrence, but not at the same time. Captain C represented Sergeant Lawrence in a nonjudicial punishment proceeding which was completed before appellant sought legal counsel from Captain C. “Generally, it is more difficult to show an actual conflict resulting from successive rather than simultaneous representation.” Mannhalt, 847 F.2d at 580 (citing Smith v. White, 815 F.2d 1401, 1405 (11th Cir.1987), cert. denied, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987)). “In successive representation, conflicts may arise if the cases are substantially *589 related or if the attorney reveals privileged communications of the former client or otherwise divides his loyalties.” Mannhalt, 847 F.2d at 580 (citing United States v. Wheat, 813 F.2d 1399, 1402 & n. 1 (9th Cir.1987), aff'd, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988)).
While there is no evidence to support a belief that appellant and Sergeant Lawrence acted in concert or pursuant to a conspiracy, their cases are inextricably intertwined. Sergeant Lawrence was the main witness against appellant on the larceny offense and had himself provided appellant with government software without proper authority. Appellant, in an undercover operation, collected the crucial information which resulted in Sergeant Lawrence being punished under Article 15, UCMJ. If Sergeant Lawrence had testified, the defense counsel would have had to vigorously contest his veracity and try to establish his motive to misrepresent. Under these circumstances, we disagree with the military judge’s conclusion that the defense counsel did not have a conflict of interests.
Captain C spoke with his supervisor about the possibility of a conflict of interests; both concluded there was no conflict. Nevertheless, Captain C advised appellant of his representation of Sergeant Lawrence and his right to conflict-free counsel, and they discussed the possibility of a conflict on three occasions. At the DuBay hearing, appellant admitted that he had discussed the issue with Captain C prior to trial. Captain C also brought the possibility of a conflict to the attention of the military judge during an R.C.M. 802 conference and during the Article 39(a) hearing. Although his inquiry was superficial, the military judge obtained appellant’s assurance that he had discussed the issue with his counsel and did not object to Captain C continuing to represent him. We conclude that appellant knowingly and intelligently waived his right to conflict-free counsel.
Having counseled Sergeant Lawrence concerning his nonjudicial punishment, Captain C was in an excellent position to assess his potential testimony and to decide the best way to limit its effect. Captain C tried to limit any impact Sergeant Lawrence might have on the case by stipulating to the facts to which Sergeant Lawrence could have testified and then vigorously objecting to the admission of any portion of it. We accept Captain C’s testimony that he decided to stipulate to Sergeant Lawrence’s testimony because he thought it would be less damaging to appellant and not because he would have felt constrained in cross-examining a witness he previously represented. Under these circumstances, we will not second-guess the tactical decision to forego cross-examination of Sergeant Lawrence. See United States v. Sanders, 37 M.J. 116, 118 (C.M.A.1993). Appellant has failed to show that the conflict of interests adversely affected his legal representation.
We conclude that (1) there was multiple representation; (2) there was a conflict of interests; and (3) appellant expressly waived it, and it did not adversely affect counsel’s representation of appellant.
II. The Remaining Issues
Although not raised at this Court or the Court of Military Appeals previously, appellant now asserts the military judge erred by failing to rule on a defense objection to the stipulation of fact and the staff judge advocate’s recommendation to the convening authority is inaccurate.
As part of the Court of Military Appeals mandate, The Judge Advocate General of the Air Force was instructed to submit the record to this Court “for further review under Article 66, UCMJ, 10 U.S.C. § 866.” Judge Wiss, in a concurring opinion, correctly noted that this mandate would raise a number of questions about the scope of our review. He specifically questioned whether appellant may “raise any legal, factual, or sentence-appropriateness issue that he could have raised the first time” this case was before us, but did not. Smith, 36 M.J. at 459.
Article 66(c), UCMJ, 10 U.S.C. § 866(c) (1988), permits the courts of military review to “affirm only such findings of guilty and the sentence or such part or amount of the sentence as it finds correct in law and fact and determines, on the basis of the entire record, should be approved.” We performed our *590 statutory duties and rendered a decision on 19 December 1991.
This Court has historically been liberal in granting appellants repeated enlargements of time to file assignments of error and briefs. Cf., Rule 15(c), Courts of Military Review Rules of Practice and Procedure, 22 M.J. CXXXII-CXXXIII (1 March 1985) (hereinafter, “Rules of Practice and Procedure”); Article 66(f), UCMJ, 10 U.S.C. § 866(f) (1988). Nevertheless, appellant did not submit these alleged errors during our prior review of this case or, for that matter, raise them for the first time before the Court of Military Appeals.
The Court of Military Appeals may direct, in any case it acts on, that the Judge Advocate General return the record of trial to this Court for “further review in accordance with” its decision. Article 67(e), UCMJ; 10 U.S.C. § 867(e) (1988). It has chosen to do so in this case, and we reviewed appellant’s case, as we were required to do, “in accordance with” its decision. Appellant had the opportunity to show good cause (see, e.g., Article 73, UCMJ, 10 U.S.C. § 873 (1988); Rule 19(c) and (d), Rule 25, Rules of Practice and Procedure, 22 M.J. CXXXIV, CXXXVIII) why we should consider these issues out of time, but failed to do so.[3] Absent a showing of good cause, we decline to consider these newly-raised issues.
Accordingly, the findings and sentence are
AFFIRMED.
Senior Judge HEIMBURG and Judge PEARSON concur.

. United. States v. DuBay, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

. R.C.M. 811(c); United States v. Glazier, 26 M.J. 268, 270 (C.M.A.1988).

. In its reply brief, appellate government counsel opposed appellant’s raising the two new issues out of time, and appellant failed to respond. Despite the admonition of Rule 15(b), Rules of Practice and Procedure, 22 M.J. CXXXII, we likewise have historically been liberal in granting permission to file reply briefs in such situations.