UNITED STATES, Appellee

v.

Christopher A. SMITH, Senior Airman
U.S. Air Force, Appellant.

No. 67671.
CMR No. S28574.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 12, 1994.

Decided Feb. 28, 1995.

For Appellant: *Captain Robert E. Watson* (argued); *Colonel Jay L. Cohen* and *Major George F. May.*

For Appellee: *Major John H. Kongable* (argued); *Colonel Jeffery T. Infelise, Lieutenant Colonel Thomas E. Schlegel, Major Barnard N. Madsen.*

*Opinion of the Court on Motion to Remand*

GIERKE, Judge:

1. This Court previously reviewed this case, and we ordered a factfinding hearing in accordance with *United States v. DuBay,* 17 USCMA 147, 37 CMR 411 (1967), to resolve a question regarding defense counsel's prior representation of a prosecution witness. 36 MJ 455 (1993). After the *DuBay* hearing was completed and the record submitted to the Court of Military Review * in accordance with our order, a new appellate defense counsel raised and briefed two additional assignments of error not previously filed and not expressly included within the scope of our remand. The Court of Military Review declined to consider these additional issues. 39 MJ 587, 592 ¶ 21.

2. Appellate defense counsel have filed a motion asking this Court to remand the case to the Court of Criminal Appeals and order that court to consider the additional issues. They argue that the new appellate defense counsel was ethically bound to raise additional issues when he noticed them and that his discovery of meritorious new issues constitutes good cause for an untimely filing of supplemental assignments of error.

3. Appellate government counsel argue that review by a Court of Criminal Appeals on remand should be limited to the remanded issue. They further argue that assignment

---

* *See* 41 MJ 213, 229 n. * (1994).

of new counsel is not good cause for waiving the rules and that appellant waived the new issues by not raising them during his first plenary review by the then Court of Military Review.

■ 4. We hold that the Court of Military Review did not err by refusing to permit filing supplemental assignments of error beyond the scope of the remand order. While appellant is entitled to plenary review under Article 66, Uniform Code of Military Justice, 10 USC § 866, he is only entitled to one such review. In *United States v. Montesinos*, 28 MJ 38, 44 ¶ 21 (1989), this Court said, "If this Court remands a case to the Court of Military Review, that court can only take action that conforms to the limitations and conditions prescribed by the remand."

5. We remanded this case for a factfinding hearing regarding the possibility of multiple representation. Although we could have expressed the scope of the remand order with greater clarity, we conclude that the Court of Military Review correctly interpreted our order and that the court below did not err by refusing to consider issues outside the scope of our remand. Whether that court had discretion to consider additional issues is not before us. *Cf. United States v. Jordan*, 38 MJ 346, 350, 352 ¶ 27 (CMA 1993) (Wiss, J., dissenting on other grounds) (appellate court to whom a case is remanded for reconsideration of a particular issue "must limit itself to that issue" and may consider "closely-related" issue where "record is adequately developed"), *cert. denied*, —— U.S. ——, 114 S.Ct. 1217, 127 L.Ed.2d 564 (1994).

Accordingly, appellant's motion to remand this case to the United States Air Force Court of Criminal Appeals for consideration of additional assignments of error is denied.

Judges COX, CRAWFORD, and WISS concur.

SULLIVAN, Chief Judge (dissenting):

6. This Court previously set aside the Court of Military Review decision in this case. We said:

*The decision of the United States Air Force Court of Military Review is set aside.* The record of trial is returned to the Judge Advocate General of the Air Force for submission to a convening authority who may order a *DuBay* hearing to resolve the question of multiple representation or order a rehearing on the findings and sentence if a *DuBay* hearing is deemed impracticable. If the judge in the *DuBay* hearing determines (1) that there was multiple representation; (2) that there was an actual conflict of interest; and (3) that the conflict of interest adversely affected counsel's representation of appellant, the judge shall set aside the findings and sentence and return the record to the convening authority for a decision whether to order a rehearing on the findings and sentence. If the judge in the *DuBay* hearing finds (1) no multiple representation; or (2) no actual conflict of interest; or (3) an actual conflict of interest but no adverse effect on counsel's representation of appellant, the record will be returned to the Judge Advocate General of the Air Force *for submission to the Court of Military Review for further review under Article 66, UCMJ [Uniform Code of Military Justice], 10 USC § 866.* Thereafter, Article 67, UCMJ, 10 USC § 867, shall apply.

36 MJ 455, 457–58 (emphasis added).

7. I agree that appellant is entitled to one plenary review under Article 66, but that review must be a legally valid one. Here, since we set aside the earlier Court of Military Review decision in this case, the previous review was a legal nullity. Moreover, we clearly stated that, after the remand on the multiple-representation issue, further review under Article 66 should be accomplished. Speaking for myself, I can say that the Court of Military Review did not "correctly interpret[ ] our order" in this case. 41 MJ at 386 ¶ 5. In addition, our order plainly was not the expressly limited remand situation considered in *United States v. Montesinos*, 28 MJ 38 (CMA 1989). Our words are clear on their face and required no *post factum* interpretation.

8. A broader question is raised in this case concerning the continuity of appellate representation of servicemembers. The ma-

jority opinion fails to reconcile its action in this case with this Court's decision in *United States v. Loving*, 41 MJ 213, 299 ¶ 130 (1994). There the propriety of the military system of appellate representation was upheld on the basis of a liberal-filing-of-supplemental-pleadings policy by our Court and the Court of Military Review.

9. This Court said:

To the extent that appellate counsel have lacked experience or suffered from lack of continuity, the impact has been on the efficiency of judicial administration rather than the quality of representation. Appellant's court-martial concluded on April 3, 1989. The case was argued before the Court of Military Review on December 9, 1991, and that Court issued its initial decision on February 3, 1992. 34 MJ 956. *See* decision denying petition for reconsideration on April 15, 1992. 34 MJ 1065. Oral argument before this Court was on September 30, 1993, almost 4½ years after the trial and almost 18 months since the final decision of the Court of Military Review.

*Recognizing the potential inefficiencies noted above, both the court below and this Court have liberally granted extensions of time and allowed filing of supplemental pleadings and citations of authority even after oral argument. This Court has considered issues not raised before the court below.* Although we have declined to apply the principle of *in favorem vitae* (Issue VI, *supra* at 266), *we have accommodated counsel to the maximum extent possible to ensure that all issues are considered.* Defense appellate counsel concede that their pleadings have been voluminous, with overlapping and redundant assignments of error. Final Brief at 436 n. 152. *We are satisfied that every conceivable legal and factual issue has been raised and briefed.*

41 MJ at 299 ¶¶ 129–30 (emphasis added).

10. Admittedly, this is not a capital case as was *Loving.* Nevertheless, the need to provide continuous effective legal representation as required by Congress is no less for this appellant. I would grant the motion to remand this case to the Court of Criminal Appeals to consider the issues assigned by new appellate counsel.