# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SMAWLEY, EWING[1], and PARKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Master Sergeant ANDREW D. STEELE**
**United States Army, Appellant**

ARMY 20170303

Headquarters, 7th Infantry Division
Sean Mangan and Lanny J. Acosta, Jr., Military Judges (trial)
J. Harper Cook and Matthew S. Fitzgerald, Military Judges (rehearing)
Lieutenant Colonel James W. Nelson, Acting Staff Judge Advocate (trial)
Lieutenant Colonel Robert A. Rodrigues, Staff Judge Advocate (rehearing)

For Appellant: Captain Lauren M. Teel, JA (argued);[2] Major Rachel P. Gordienko, JA; Captain Lauren M. Teel, JA (on brief); Colonel Michael C. Friess, JA; Jonathan F. Potter, Esquire; Lieutenant Colonel Dale C. McFeatters, JA; Captain Lauren M. Teel, JA (brief on specified issues).

For Appellee: Captain Jennifer A. Sundook, JA (argued); Major Mark T. Robinson, JA (on brief); Colonel Christopher B. Burgess, JA; Lieutenant Colonel Craig J. Schapira, JA; Major Mark T. Robinson, JA; Captain Jennifer A. Sundook, JA (brief on specified issues).

13 November 2023

-----------------------------------------------------------------
MEMORANDUM OPINION ON FURTHER REVIEW
-----------------------------------------------------------------

EWING, Judge:

Appellant's case is before our court for the third time following remand from the Court of Appeals for the Armed Forces. In our first opinion, we remanded for a

---

[1] Judge EWING decided this case on active duty.

[2] The court heard oral argument in *Steele II* on 30 March 2022 at George Washington University Law School as part of the court's outreach program.

sentencing rehearing because of a defective transcript. *See United States v. Steele*, ARMY 20170303, 2019 CCA LEXIS 95 (Army Ct. Crim. App. 5 March 2019) (mem. op) ("*Steele I*"). Following appellant's *sentencing* rehearing, appellant raised, for the first time, a constitutional challenge to the *merits* of his court-martial conviction for indecent exposure. In our second opinion, we applied the "cause and prejudice" standard for second or successive appeals and held that appellant had shown "neither good cause for his failure to raise his new claim in his first appeal" nor that he would "suffer actual prejudice or manifest injustice" based on his new claim. *United States v. Steele*, 82 M.J. 695, 697 (Army Ct. Crim. App. 2022) ("*Steele II*"). *See also Id.* at 698-99 (citing cases from other appellate courts applying this standard). As such, we did not reach the merits of appellant's claim and denied relief. *Id.* at 700.

Following further appellate review, our superior court remanded appellant's case to us with instructions to clarify whether appellant had waived or forfeited his new claim in *Steele II*. Specifically, the CAAF explained:

> In this case . . . the ACCA's opinion was unclear in a key respect: The ACCA did not expressly rule on whether Appellant waived his constitutional challenge to his indecent exposure argument. The issue of waiver is important based on the principles explained above. On one hand, if Appellant did not waive this challenge, then the ACCA should have considered it either for error or plain error. On the other hand, if Appellant did waive the issue, then the ACCA was under no obligation to review the issue at all, but it could review the issue in the exercise of its discretion under Article 66(c), UCMJ. . . . A CCA may select its own standard for exercising its discretion under Article 66(c), UCMJ, to review waived issues or forfeited issues where there is no plain error. . . . If it so chooses, the CCA may require a showing of cause and prejudice before it will review such issues.

*United States v. Steele*, 83 M.J. 188, 191 (C.A.A.F. 2023) (cleaned up) ("*Steele (C.A.A.F.)*"). Stated differently, the CAAF approved of our court's employment of the "cause and prejudice" standard but only in the context of our Article 66, UCMJ power. *Id. See also* Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2012) (CCAs "may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved.").

While not a precise one-to-one match with the employment of the test in the federal system, we had conceived of *Steele II's* "cause and prejudice" standard *to*

*itself be the gatekeeping test* for whether an appellant had waived a new claim in a second or successive appeal. That is to say, if an appellant could satisfy the cause and prejudice standard for bringing a new claim in such a case, then we would reach the merits of that claim. The converse would also be true. *See Steele II*, 82 M.J. at 699 (noting that the standard "strikes the right balance between acknowledging that in some cases appellants will be able to bring new meritorious claims on second and successive appeals, while at the same time incentivizing parties to raise claims at the earliest possible time").

We recognize that our superior court has rejected this approach by requiring us to address the waiver/forfeiture question as a *threshold* matter, separate and apart from any employment of the cause and prejudice standard. *Steele (C.A.A.F.)*, 83 M.J. at 191. We do so below, and hold that appellant waived his new merits claim. While we could nonetheless reach the merits of appellant's claim under the version of our Article 66, UCMJ power applicable here, we refuse to do so. Finally, in light of our superior court's decision and recent changes to Article 66, UCMJ, we respectfully decline the CAAF's invitation to apply the cause and prejudice standard in the context of our Article 66, UCMJ authority.

## WAIVER

Appellant's new claim in *Steele II* was a constitutional challenge to the merits of his indecent exposure conviction. 82 M.J. at 697. As we noted then, appellant "did not present this claim to the military judge at his original court-martial, to our court in his first appeal, or to the military judge at his sentencing rehearing." *Id.*

Appellant waived this new merits claim.

Two lines of reasoning independently and collectively lead to waiver. First, our court affirmed appellant's findings in *Steele I* and remanded for resentencing only. *Steele I*, 2019 CCA LEXIS 95, at *9-10 ("Upon consideration of the entire record, the findings of guilty are AFFIRMED. The sentence is SET ASIDE."). The CAAF, our court, our sister service courts, and other courts have all held that appellants are not entitled to a second bite at the direct-appeal apple. *See United States v. Smith*, 41 M.J. 385, 386 (C.A.A.F. 1995) ("[w]hile [an] appellant is entitled to plenary review under Article 66 . . . *he is only entitled to one such review*.") (emphasis added); *United States v. Navarette*, ARMY 20160786, 2022 CCA LEXIS 255, at *11 (Army Ct. Crim. App. 29 Apr. 2022) (mem. op.); *United States v. Henry*, ACM 38886 (reh), 2020 CCA LEXIS 13, at *11 (A.F. Ct. Crim. App. 14 Jan 2020). *See also United States v. Rodriguez*, 821 F.3d 632, 633 (5th Cir. 2016) ("[a] criminal defendant is not entitled to two appeals."); *United States v. Garcia-Ortiz*, 657 F.3d 25, 30 (1st Cir. 2011) ("[a] court of appeals normally does 'not review in a second direct appeal an issue that underlies a previously affirmed conviction.'") (quoting *United States v. Gama–Bastidas*, 222 F.3d 779, 784 (10th Cir. 2000)). Moreover,

even if *Steele II* could somehow be conceived as a wholesale continuation of *Steele I* as to both the merits and sentencing (which we do not believe to be the case), appellant's new merits claim in *Steele II* is akin to filing a years-late merits brief in violation of this court's rules. *See United States v. Bridges*, 61 M.J. 645, 647-48 (C.G. Ct. Crim. App. 2005) (refusing to hear new merits claims following a sentencing rehearing and noting the violation of the court's rules related to timely filings).

Second, courts have recognized that *waiver* of an issue on appeal is distinct from *forfeiture* of an issue by failing to raise it in the trial court. *See, e.g., United States v. Noble*, 762 F.3d 509, 527-28 (6th Cir. 2014) (citing *United States v. Olano*, 507 U.S. 725, 733 (1992), and describing the difference between trial-level forfeiture and appellate waiver); *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief . . ."); *World Wide Minerals, Ltd. v. Republic of Kazakhstan*, 296 F.3d 1154, 1160 (D.C. Cir. 2002) ("a party waives its right to challenge a ruling of the district court if it fails to make that challenge in its opening brief.").

Finally, even if appellant had merely forfeited rather than waived his new merits claim, we would not provide relief under the plain error standard. For the reasons explained in Chief Judge Smawley's concurrence in *Steele II*, 82 M.J. at 700-01, appellant cannot begin to show that his guilty finding for indecent exposure amounted to "plain, or clear, or obvious" error. *United States v. Witt*, 83 M.J. 282, 285 (C.A.A.F. 2023).

## ARTICLE 66

The above waiver discussion notwithstanding, under the version of Article 66 applicable to this appeal, we are to affirm only guilty findings and sentences that are (1) correct in law; (2) correct in fact; and (3) should be approved. Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2012). We have previously held that while waiver "extinguish[es]" any claim of legal error, this version of Article 66 provides us with the power to "notice" waived error under our "should be approved" authority, which we described as a "safety valve of last resort." *United States v. Conley*, 78 M.J. 747, 750, 752 (Army Ct. Crim. App. 2019). As we explained in *Steele II* and reiterate here, appellant's case does not "call out for relief." *Steele II*, 82 M.J. at 700 n.6 (citing *Conley*, 78 M.J. at 753). As such, while we could reach the merits of appellant's new claim under our Article 66 power, we refuse to do so.

In light of the CAAF's decision in this case and the recent changes to Article 66, UCMJ, we will end there. While the CAAF invited us to employ the cause and prejudice test in the Article 66, UCMJ context, *see Steele (C.A.A.F.)*, 83 M.J. at 191, addressing that here would largely amount to an anachronism looking backward or an advisory opinion looking forward.

In the National Defense Authorization Act for Fiscal Year 2021, Congress amended the CCAs' Article 66, UCMJ power for appeals where all of the guilty findings were for offenses occurring on or after 1 January 2021. Pub. L. No. 116-283, § 542(b), 134 Stat. 3611-12. This new Article 66 authority states, in pertinent part, that we may "affirm only such findings of guilty as the Court finds *correct in law, and in fact* . . . [and] may affirm only the sentence, or such part or amount of the sentence, as the Court finds correct in law and fact and determines, on the basis of the entire record, *should be approved. Id.* (emphasis added); *see also United States v. Harvey*, 83 M.J. 685, 690 (N.M. Ct. Crim. App. 2023) (discussing the new Article 66, UCMJ and an additional change to our factual sufficiency review standard); *United States v. Scott*, __ M.J. __, slip op. at 2-3 (Army Ct. Crim. App. 27 Oct. 2023).

These changes to our Article 66 authority are inapplicable to appellant's case, and thus we have no moment to discuss them in any detail here. The precise contours of these changes will become clear over time and caselaw development. But in this context it does not make sense to announce that we will be using the cause-and-prejudice test or any other test in exercising our Article 66 authority. The version of Article 66 applicable to appellant's case will soon be obsolete, and we do not yet fully understand how the changes will affect our jurisprudence moving forward.

Thus, it suffices to say here that appellant waived his new claim for the reasons discussed herein and is not entitled to relief from our court. *See PDK Labs. Inc. v. United States DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part) ("if it is not necessary to decide more, it is necessary not to decide more").

## CONCLUSION

Upon consideration of the entire record, the appellant's findings of guilty are, again, AFFIRMED. The sentence to reduction to the grade of E-5 is AFFIRMED.

Chief Judge SMAWLEY and Judge PARKER concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

5